ADA MORACCHINI, Appellant, Respondent, *v.* PIERRE MORACCHINI, Respondent, Appellant.

First Department, February 6, 1925.

**Husband and wife — divorce — motion to vacate decree of divorce in favor of plaintiff — motion properly granted but it should have been granted on ground that process was never served on defendant and that decree was obtained by fraud.**

A motion to vacate a decree in a divorce action which was granted on the ground that the attorney who appeared for the plaintiff was not a duly admitted attorney at law was properly granted, but it should have been granted on the ground that the defendant was never personally served with the summons and that the court never had jurisdiction of the defendant or of the subject-matter of the litigation, since the evidence clearly shows that the divorce was granted fraudulently through the perjured testimony of the process server and others to the effect that defendant was properly served.

APPEAL by the plaintiff, Ada Moracchini, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 15th day of October, 1924, granting defendant's motion to vacate and set aside the decree of divorce entered in favor of plaintiff, for the " reason that the Court was without jurisdiction to enter a decree

in said action in that Herbert F. Miller, the person who appeared as attorney for Ada Moracchini, was never admitted to practice in the Courts of the State of New York."

Appeal by the defendant, Pierre Moracchini, from said order on the ground that the order setting aside the judgment was not made upon the additional ground that the court had no jurisdiction of the defendant because no service of process was made upon him.

*Nathan Burkan* [*Isadore Shapiro* of counsel], for the plaintiff.

*Howard C. Kelly,* for the defendant.

MARTIN, J.:

Ada Moracchini, the plaintiff in this action, during the year 1919 commenced an action for divorce. The complaint was verified August 28, 1919.

There appears in the record an affidavit of service of the summons and complaint verified September 6, 1919. The case was tried at Special Term on December 5, 1919. This trial was uncontested and Herbert F. Miller, who had previously made an affidavit of regularity in which he stated that the summons and complaint had been duly served on the defendant and that the defendant was in default, testified in person to the same effect. The defendant did not appear or answer.

The process server testified at the trial that he personally served the summons and complaint upon the defendant on September 5, 1919, at 100 West Eightieth street, New York city, and that, when the service was effected, he was accompanied by Edward Wright who identified the defendant. The court required the presence of Edward Wright and the case was adjourned one week to take his testimony as to the identity of Pierre Moracchini. The witness then appeared and testified as Edward Wright, stating that he had known both parties to this action for a period of over five years.

A decree was granted based on defendant's alleged default, dated February 6, 1920, and entered in the office of the clerk of the Supreme Court, New York county, on February 7, 1920. It was made final on May 28, 1920.

The defendant was at the time of the action and ever since has been a Vice-Consul of the Republic of France, assigned to duty in this country. At the time of the alleged service, defendant was in New Orleans, La. He denied that service of process was ever made upon him.

Plaintiff and defendant later became reconciled and remarried

on December 9, 1922. Later, on March 4, 1924, Pierre Moracchini instituted an action for divorce against his wife which is now pending. He made a motion to set aside the previous decree of divorce granted in favor of his wife on the ground that it was null and void because he was not served with process and because the person who represented himself to be an attorney and the attorney for Ada Moracchini and who made the affidavit of regularity and testified to the same effect at the trial, was not in fact admitted to practice in the State of New York.

Herbert F. Miller, of the firm of Miller & Wilkinson, was practicing law in the State of New York at the time of the trial of the action and specialized in procuring divorces. His irregularities became generally known about the end of 1920, when he became a fugitive from justice. Miller never was admitted to practice in the State of New York. It is asserted that he not only made a practice of procuring divorces where the defendant was never served, but also made a practice of procuring witnesses to testify to alleged occurrences which never existed in fact; and it is said that in some instances he actually forged the names of Supreme Court justices to decrees.

The process server was employed by Herbert F. Miller. In a confession made by him he disclosed the irregularities of Miller, participated in by himself, and has since aided various persons to ascertain their true legal status.

The facts sufficiently appear in the affidavits of Pierre Moracchini, verified September 3, 1924; Howard C. Kelly, verified September 3, 1924; Leo Dibbern, verified August 26, 1924, and the certificate of the clerk of the Court of Appeals certifying that Herbert F. Miller was never admitted to practice law in the State of New York.

There are in addition certificates from the clerks of the Appellate Division of each department as well as further affidavits of Pierre Moracchini, verified September 23, 1924, and Howard C. Kelly, verified September 24, 1924.

The justice at Special Term vacated and set aside the decree upon the ground that Herbert F. Miller never was licensed to practice in the State of New York, but did not pass upon the question whether process was served upon the defendant, stating: " I think it is a matter of very serious doubt as to whether service was made originally, but the determination of this fact is unnecessary in view of the above."

Both parties appeal from the order, one because it grants the motion to set aside the judgment in the divorce proceeding, and the other because the judgment is not set aside upon the proper grounds. Defendant appeals from the order only in so far as it is

First Department, February, 1925.    [Vol. 212

necessary to have the question of jurisdiction reviewed and determined on this appeal.

We believe that the judgment was properly set aside, but that it should have been set aside because the court never had jurisdiction of the defendant or the subject-matter of the litigation.

The process server has repudiated his testimony. He says he never made the service and that he never appeared as a witness in the case. He attempts to fortify his testimony by pointing to the false testimony with reference to his residence. He also states that the person who is supposed to have pointed out the plaintiff to him for service never existed and nothing of the kind ever happened.

Edward Wright is said to have pointed out plaintiff to the process server. No one appears to be able to produce him. He did not testify when the case first came on for trial. The judge compelled the plaintiff to produce him. The person so testifying stated he had known the parties for five years. The plaintiff says he never knew Edward Wright and the process server also states, in his affidavit, that he never knew any such person and that the testimony of the person known as Edward Wright is absolutely false.

Mrs. Moracchini does not produce Edward Wright nor does she say that she knows him or knows anything about him.

Pierre Moracchini, the defendant in this action, testified that he could not have been served with the summons for the reason that he was out of the State at the time it is alleged he was served. The witnesses who testified to the adultery appear to have been the witnesses used by Miller in his divorce cases. The process server refers in his affidavit, in relation to a witness called Catherine Stevens, as one " I have met on a number of occasions, and I know that said Catherine Stevens was one of the persons frequently used as a witness in divorce cases by said Herbert F. Miller." Nobody appears to know anything about the witness Hilderbrandt.

If we were compelled to rely solely on the evidence of the process server we would be reluctant to set aside the decree. There are, however, other circumstances that point to the truth of his statements.

The evidence is convincing that this divorce was procured by fraud and deceit. One against whom such a divorce decree is entered without having become or been made a party to the action is entitled to have it vacated and thus to have expunged from the record the charge of adultery.

In *Davidson* v. *Ream* (178 App. Div. 362) the plaintiff in an annulment action, where there was no jurisdiction, there being

no statutory ground for the annulment, was held to be entitled to have the judgment set aside by a justice other than the one who presided at the trial. This was not because of any equitable consideration for her, but because the judgment did not rest upon jurisdictional facts and, therefore, the judgment was not effective against her.

The order should be affirmed.

CLARKE, P. J., DOWLING, FINCH and BURR, JJ., concur.

Order affirmed, without costs.